IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LULA KELLY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NUMBER |
| ) | CV-04-J-2404-S |
| VERIZON WIRELESS OF THE EAST, ) | |
| LLC; ALLIED INTERSTATE and ) | |
| BUREAU OF COLLECTION ) | |
| RECOVERY, INC., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**

Currently pending before the court is the motion by defendant Verizon Wireless of the East, LLC ("Verizon Wireless"), to dismiss the plaintiff's complaint, and memorandum in support thereof. The court has reviewed all of the pleadings and briefs submitted to date.

**I. Factual Background**

Upon obtaining a copy of her credit report, the plaintiff discovered listings for two accounts she allegedly owed to Verizon Wireless that had been charged off as bad debts. The plaintiff contends that she did not incur these debts and that she has never had cellular phone service with Verizon Wireless. The plaintiff sent letters to Verizon Wireless disputing the debts and requesting that the debts be

validated. The plaintiff alleges that Verizon Wireless did not respond with adequate documentation of the debts and thereby violated the Fair Debt Collection Practices Act ("FDCPA").

## II. Standard for Evaluation a Motion to Dismiss

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is properly granted when the movant establishes "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Spain v. Brown & Williamson Tobacco Corp.*, 363 F.3d 1183, 1187 (11th Cir. 2004), quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In evaluating the motion, the court must resolve all factual disputes in favor of the plaintiff. *Morrison v. Amway Corp.*, 323 F.3d 920, 924 (11th Cir. 2003).

## III. Legal Analysis

The plaintiff's complaint states a single claim against defendant Verizon Wireless: Verizon Wireless failed to provide the plaintiff with proper documentation of her alleged debts in accordance with 15 U.S.C. § 1692g. Section 1692g imposes specific obligations upon debt collectors. "Debt collector" is defined as "any person who uses any instrumentality of interstate commerce or the mails in any business *the principal purpose of which is the collection of any debts*, or who regularly collects or attempts to collect, directly or indirectly, debts

owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6) (emphasis added). This definition expressly excludes "any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor." 15 U.S.C. § 1692a(6)(A). A creditor is defined as "any person who offers or extends credit creating a debt or to whom a debt is owed." 15 U.S.C. § 1692a(4). Actual creditors are typically not subject to the FDCPA. *McGrady v. Nissan Motor Acceptance Corp.*, 40 F. Supp. 2d 1323, 1335 (M.D. Ala. 1998) (holding that an automobile finance company making loans to automobile purchasers is an actual creditor and is not in business for the principal purpose of debt collection).

Section 1692g imposes obligations upon debt collectors but not upon creditors. Verizon Wireless does not satisfy the statutory definition of a debt collector under the FDCPA because the principal purpose of Verizon Wireless's business is not debt collection. The plaintiff stipulates in her complaint that Verizon Wireless is a "corporation engaged in the business of providing cellular phone service." Complaint ¶ 4. Furthermore, the plaintiff asserts that the other defendants in this case satisfy the definition of "debt collector" in 15 U.S.C. § 1692a(6), but the plaintiff makes no such assertion with regard to defendant Verizon Wireless. Complaint ¶ 7.

Verizon Wireless is properly classified as a creditor. Because Verizon

3

Wireless is a creditor, the FDCPA expressly precludes the classification of any officers or employees of Verizon Wireless who collect debts on behalf of the company as debt collectors. A claim under 15 U.S.C. § 1692g can only be brought against a debt collector, and Verizon Wireless does not satisfy the definition of debt collector in the FDCPA.

## IV. Conclusion

After considering all issues of material fact in the light most favorable to the plaintiff, the court finds that the plaintiff can prove no set of facts in support of her claim which would entitle her to relief. The plaintiff's claim against Verizon Wireless arises under 15 U.S.C. § 1692g, which only applies to debt collectors. Verizon Wireless is not a debt collector within the meaning of 15 U.S.C. § 1692a(6). Accordingly, the plaintiff has failed to state a claim upon which relief can be granted. The Court therefore **GRANTS** the defendant's motion to dismiss.

**DONE** and **ORDERED** this the 5 day of October, 2004.

INGE P. JOHNSON
UNITED STATES DISTRICT JUDGE